**NORRIS McLAUGHLIN, P.A.**
Edward G. Sponzilli, Esq.
Mina M. Miawad, Esq.
400 Crossing Blvd, 8th Floor
Bridgewater, New Jersey 08807-5933
908-722-0700
Direct: 908-252-4166
Email: egsponzilli@norris-law.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAWZIA AFZAL-KHAN and ADAM RZEPKA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN G.S. KOPPELL, President of Montclair State University, in his official and individual capacities; MARGAREE COLEMAN-CARTER, Associate Vice President and Dean of Students of Montclair State University, in her official and individual capacities; ASHANTE S. CONNOR, Associate Vice President of Inclusive Excellence and Special Advisor to the President of Montclair State University and Former Director of Equity and Title IX Coordinator of Montclair State University, in her official and individual capacities; JULIA DELBAGNO, Assistant Dean of Student Engagement of Montclair State University, in her official and individual capacities; DAWN MEZA SOUFLERIS, Vice President for Student Development of Montclair State University, in her official and individual capacities; and KENNETH E. SUMNER, Former Associate Provost for Academic Affairs of Montclair State University, in his official and individual capacities;<br><br>Defendants. | CIVIL ACTION NO.:<br>2:25-cv-13793 MEF-MAH<br><br><br>Hon. Michael E. Farbiarz, USDJ<br>Hon. Michael A. Hammer, USMJ<br><br><br><br>**ANSWER TO<br>SECOND AMENDED COMPLAINT** |

Defendants Jonathan G.S. Koppell ("Koppell"), Margaree Coleman-Carter ("Carter"), Ashante S. Connor ("Connor"), Julia DelBagno ("DelBagno"), Dawn Meza Soufleris ("Soufleris"), and Kenneth E. Sumner ("Sumner") (collectively "Defendants"), by way of Answer to the Second Amended Complaint ("SAC"), say:

## PRELIMINARY STATEMENT

1. The website referenced in paragraph 1 of the SAC speaks for itself.

2. Defendants deny the allegations contained in paragraph 2 of the SAC as they relate to them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the SAC.

3. Defendants deny the allegations contained in paragraph 3 of the SAC.

4. Defendants deny the allegations contained in paragraph 4 of the SAC.

5. The allegations contained in paragraph 5 of the SAC do not relate to Defendants, and therefore no response thereto is required.

6. The allegations contained in paragraph 6 of the SAC do not relate to Defendants, and therefore no response thereto is required.

7. The allegations contained in paragraph 7 of the SAC do not relate to Defendants, and therefore no response thereto is required.

8. The allegations contained in paragraph 8 of the SAC do not relate to Defendants, and therefore no response thereto is required.

## JURISDICTION AND VENUE

9. Defendants admit that Plaintiffs allege federal questions, except to deny that any of their federal causes of action entitle them to relief.

2

10. The allegations contained in paragraph 10 of the SAC are legal in nature and therefore no response is required, except to deny that the Court has jurisdiction against Defendants in their official capacities as they have immunity from federal jurisdiction under the Eleventh Amendment to the United States Constitution (Eleventh Amendment).

11. The allegations contained in paragraph 11 of the SAC are legal in nature and therefore no response is required.

## PARTIES

12. Defendants admit that Plaintiff Fauzia Afzal-Khan is a tenured member of the English Department at Montclair State University ("Montclair") and has taught there since 1987. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the SAC.

13. Defendants admit that Plaintiff Adam Rzepka is a tenured member of the English Department at Montclair and has taught there for twelve years and has served on the University's Senate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as to his reputation, publications or quality of the work.

14. Defendants deny the allegations contained in paragraph 14 of the SAC, except to admit that Defendant Koppell, at all times relevant to the SAC, has served as President of Montclair and that he has exercised the duties of his office appropriately. Defendant Koppell is entitled to immunity under the Eleventh Amendment for any claims against him in his official capacity.

15. Defendants deny the allegations contained in paragraph 15 of the SAC, except to admit that Defendant Carter, at all times relevant to the SAC, was the Associate Vice President and Dean of

3

Students of Montclair. Defendant Carter is entitled to immunity under the Eleventh Amendment for any claims against her in her official capacity.

16. Defendants deny the allegations contained in paragraph 16 of the SAC, except to admit that Defendant Connor, at all times relevant to the SAC, was the Associate Vice President of Inclusive Excellence and Special Advisor to the President of Montclair and was Former Director of Equity and Title IX Coordinator at Montclair. Defendant Connor is entitled to immunity under the Eleventh Amendment for any claims against her in her official capacity.

17. Defendants deny the allegations contained in paragraph 17 of the SAC, except to admit that Defendant DelBagno, at all times relevant to the SAC, was the Assistant Dean of Student Engagement of Montclair. Defendant DelBagno is entitled to immunity under the Eleventh Amendment for any claims against her in her official capacity.

18. Defendants deny the allegations contained in paragraph 18 of the SAC, except to admit that Defendant Soufleris, at all times relevant to the SAC, was the Vice President for Student Development of Montclair. Defendant Soufleris is entitled to immunity under the Eleventh Amendment for any claims against her in her official capacity.

19. Defendants deny the allegations contained in paragraph 19 of the SAC, except to admit that Defendant Sumner, at all times relevant to the SAC, was the Associate Provost for Academic Affairs of Montclair. Defendant Sumner is entitled to immunity under the Eleventh Amendment for any claims against her in her official capacity.

## STATEMENT OF FACTS

**I.    Defendants' Policy on First Amendment-Protected Campus Activities.**

20. Defendants deny the allegations contained in paragraph 20 of the SAC.

4

21.    Defendants deny the allegations contained in paragraph 21 of the SAC.

### A.    The YAL Case.

22.    Defendants admit the allegations contained in paragraph 22 of the SAC.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the SAC.

24.    Defendants deny the allegations contained in paragraph 24 of the SAC.

25.    This paragraph refers to allegations asserted in a separate lawsuit and Defendants refer Plaintiffs to the allegations contained in the Complaint filed in the matter Young Am. For Liberty v. Trustees of Montclair State University, No. 2:20-cv-00508-BRM-JAD ("Young Americans"), which speaks for itself.

26.    Upon information and belief, Defendants deny any "finding" that the University "impermissibly restricted" First Amendment rights. The Young Americans case was settled, the terms of which are contained in a Settlement Agreement, which is a document that speaks for itself.

27.    The allegations contained in paragraph 27 of the SAC refer to a document that speaks for itself to which no response is required.

28.    The allegations contained in paragraph 28 of the SAC refer to a document that speaks for itself to which no response is required. To the extent a response is required, Defendants aver that all University policies regarding protests were compliant with constitution requirements.

## II.    Response to Defendants' Violation of Content-Neutral Expression Policies in November 2023.

29.    The allegations contained in paragraph 29 of the SAC refer to a document that speaks for itself, to which no response is required.

30. The allegations contained in paragraph 29 of the SAC refer to a document that speaks for itself to which no response is required.

31. The allegations contained in paragraph 31 of the SAC refer to a document that speaks for itself to which no response is required.

32. Defendants deny the allegations contained in paragraph 32 of the SAC.

33. Defendants deny the allegations contained in paragraph 33 of the SAC.

34. Defendant Koppell denies the allegations contained in paragraph 34 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the SAC.

35. Defendant Koppell denies the allegations contained in paragraph 35 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the SAC.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the SAC, except to admit that Defendants were aware of controversy on campus/listservs.

37. Defendants admit the allegations contained in paragraph 37 of the SAC, except deny that characterization of same being "heavily used," as same is not defined.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the SAC.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the SAC, except Defendant Koppell and Connor admit that Plaintiffs shared information to the listservs.

6

40.    Defendants Koppell and Connor deny the allegations contained in paragraph 40 of the SAC, except to admit that on or about December 7, 2023, a University employee complained that they were subjected to a hostile work environment by Plaintiff Rzepka and the University advised Plaintiff Rzepka that he was accused of violating state law. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the SAC.

41.    The allegations contained in paragraph 41 of the SAC refer to a document that speaks for itself.

42.    The allegations contained in paragraph 42 of the SAC refer to a document that speaks for itself.

43.    The allegations contained in paragraph 43 of the SAC refer to a document that speaks for itself.

44.    The allegations contained in paragraph 44 of the SAC refer to a document that speaks for itself.

45.    Defendant Connor admits that there was a meeting on or about December 19, 2023 as contained in Paragraph 45 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the SAC.

46.    The allegations contained in paragraph 46 of the SAC refer to a document that speaks for itself.

47.    The allegations contained in paragraph 47 of the SAC refer to a document that speaks for itself.  Defendant Connor denies the remaining allegations and to the extent a complaint was filed against Plaintiff Rzepka, at all times, Defendant Connor acted accordingly as required by law. The

remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the SAC.

48.    Defendant Connor denies the allegations contained in paragraph 48 of the SAC as, at all times, Defendant Connor acted according to law. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the SAC.

49.    Defendant Connor denies the allegations contained in paragraph 49 of the SAC, except admits that the Rzepka was receiving automated emails reminding him of the opportunity to complete optional training. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the SAC.

50.    Defendant Connor denies the allegations contained in paragraph 50 of the SAC, except she admits that the automated emails reminding Rzepka of the opportunity to complete the training were scheduled to continue into 2034,  but were discontinued. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the SAC.

51.    The allegations contained in paragraph 51 of the SAC refer to a document that speaks for itself.

52.    Defendant Connor denies the allegations contained in paragraph 52 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the SAC.

53.    Defendants deny the allegations contained in paragraph 53 of the SAC.

54.     The allegations contained in paragraph 54 of the SAC refer to a document that speaks for itself.  Further, Defendant Koppell denies that he "abruptly and arbitrarily" dissolved the listservs. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the SAC.

55.     Defendants deny the allegations contained in paragraph 55 of the SAC.

56.     The allegations contained in paragraph 56 of the SAC refer to a document that speaks for itself.

57.     Defendant Koppell denies the allegations referred to in paragraph 57 of the SAC.  To the extent this paragraph references a document, the document speaks for itself.

58.     The allegations contained in paragraph 58 of the SAC refer to a document that speaks for itself.

59.     Defendant Connor denies the allegations contained in paragraph 59 of the SAC. Further, the allegations contained in paragraph 59 of the SAC refer to a document that speaks for itself. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the SAC.

60.     Defendant Connor denies the allegations contained in paragraph 60 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the SAC.

61.     Defendant Connor denies the allegations contained in paragraph 61 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the SAC.

62.     Defendants Connor and Koppell deny the allegations contained in paragraph 62 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the SAC.

63.     Defendants Connor and Koppell deny that any of their actions were a "serious procedural defect" as stated in paragraph 63 of the SAC, except to admit that Plaintiff Rzepka had his Union file a grievance on his behalf. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the SAC.

64.     Defendant Koppell denies the allegations contained in paragraph 64 of the SAC. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the SAC.

### III.    Response to Defendant's Clear and Consistent Pattern of Viewpoint-Based Discrimination Against Pro-Palestine Expression Throughout 2024

65.     Defendants deny the allegations contained in paragraph 65 of the SAC.

66.     Defendants deny the allegations contained in paragraph 66 of the SAC.

67.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67 of the SAC.

68.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 68 of the SAC.

69.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 69 of the SAC.

70.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 70 of the SAC.

10

71. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 71 of the SAC, except to deny, upon information and belief, that there was any discrimination by the University or Defendants.

72. Upon information and belief, Defendants Koppell, DelBagno, Carter, and Soufleris admit the allegations contained in paragraph 72 of the SAC to the extent a fundraiser was canceled due to a violation of University policies. Defendants Connor and Sumner lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 72 of the SAC.

73. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 73 of the SAC.

74. The allegations contained in paragraph 74 of the SAC refer to a document that speaks for itself.

75. Upon information and belief, Defendants Koppell, DelBagno, and Soufleris admit that there was a vigil on September 5, 2024. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 75 of the SAC.

76. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 of the SAC.

77. Defendants DelBagno and Soufleris deny the allegations contained in paragraph 77 of the SAC, except to admit that they requested that the vigil be relocated to the campus Amphitheater as the steps of the Student Center was already reserved for another event. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 of the SAC.

11

78.    Defendants DelBagno and Soufleris deny the allegations contained in paragraph 78 of the SAC, except to admit that Plaintiffs, like every other group engaged in expressive activity outside the designated location, were asked to relocate the activity to the Amphitheater, the designated location for expressive activity. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 78 of the SAC.

79.    Defendants DelBagno and Soufleris deny the allegations contained in paragraph 79 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 79 of the SAC.

80.    Defendants DelBagno and Soufleris deny the allegations contained in paragraph 80 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 80 of the SAC.

81.    Defendant Sumner denies the allegations contained in paragraph 81 of the SAC, except to admit that he met with Plaintiffs on or about September 12, 2024. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 81 of the SAC.

82.    Defendant Sumner denies the allegations contained in paragraph 82 of the SAC, except to admit to saying "You can do whatever you want," but disagrees with the context in which Plaintiffs are portraying his statement. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 82 of the SAC. Plaintiffs' footnote 4 to paragraph 85 of the SAC refers to a video recording of this event. Plaintiffs have refused to produce same to Defendants.

12

83.    Defendant Sumner denies the allegations contained in paragraph 83 of the SAC but admits that Plaintiffs had a second vigil on September 12, 2024 at the student center in which Defendant Sumner and Defendant Carter asked them to relocate as this space was already reserved for other activities.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 83 of the SAC.

84.    Defendants Sumner and Carter deny the allegations contained in paragraph 84 of the SAC, except to admit that the gathering was located in space that was already reserved. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 84 of the SAC.

85.    The recording referenced in Paragraph 85 of the SAC speaks for itself for which no response is required.

86.    Defendants Sumner and Carter deny the allegations contained in paragraph 86 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 86 of the SAC.

87.    Defendants admit the allegations contained in paragraph 87 of the SAC.

88.    Defendants deny the allegations contained in paragraph 88 of the SAC.

89.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 89 of the SAC.

90.    Defendants deny the allegations contained in paragraph 90 of the SAC.

91.    The allegations contained in paragraph 91 of the SAC do not refer to the Defendants therein, so no response is required.

13

92.     Defendant Soufleris admits that a vigil was held on the MSU campus in or around October 2024. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 92 of the SAC.

93.     Defendant Soufleris denies the allegations contained in paragraph 93 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 93 of the SAC.

94.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 94 of the SAC.

95.     Defendant Soufleris denies the allegations contained in paragraph 95 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 95 of the SAC.

96.     Defendants Koppell, DelBagno, Carter, and Soufleris admit that they were aware that on October 9, 2024, there were protestors and counter-protestors on campus, but deny providing any form of consent to any protestors or counter-protestors. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 96 of the SAC.

97.     Defendants Koppell, DelBagno, Carter, and Soufleris admit that on October 9, 2024, there were protestors and counter-protestors on campus, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 97 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 97 of the SAC.

14

98.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 98 of the SAC, except that it was reported to Defendant Koppell that the event was chaotic and both protestors and counter-protestors exhibited improper behavior.

99.    Defendants deny the allegations contained in paragraph 99 of the SAC, except that it was reported to Defendant Koppell that both sides were causing a disturbance. In addition, Defendants would be without knowledge or information sufficient to form a belief as to the truth of what protestors and bystanders felt.

100.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 100 of the SAC.

101.    Defendant Soufleris denies the allegations contained in paragraph 101 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 101 of the SAC.

102.    The allegations contained in paragraph 201 of the SAC are not directed at these Defendants and therefore no response is required.

103.    Defendant Soufleris denies the allegations contained in paragraph 103 of the SAC, except to admit that she may have referred Plaintiffs to the President's office to discuss any communications issued by the President's office, however, Plaintiffs inference concerning Koppell's "approval" is denied. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 103 of the SAC.

104.    Defendants deny the allegations contained in paragraph 104 of the SAC.

105.    Defendants deny the allegations contained in paragraph 105 of the SAC.

15

106. Defendants deny the allegations contained in paragraph 106 of the SAC.

107. Defendants deny the allegations contained in paragraph 107 of the SAC.

108. Defendants deny the allegations contained in paragraph 108 of the SAC.

109. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 109 of the SAC.

110. Defendants deny the allegations contained in paragraph 110 of the SAC.

111. Defendants deny the allegations contained in paragraph 111 of the SAC.

112. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the SAC.

113. Defendants deny the allegations contained in paragraph 113 of the SAC.

114. Defendants deny the allegations contained in paragraph 114 of the SAC.

115. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 115 of the SAC.

116. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 116 of the SAC.

117. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 117 of the SAC.

118. Defendants deny the allegations contained in paragraph 118 of the SAC, except to admit that Defendant Koppell revised Policy 1 on or about October 18, 2024. To the extent the remaining allegations contained in paragraph 118 of the SAC refer to a document, that document speaks for itself.

119. The allegations contained in paragraph 119 of the SAC refer to a document that speaks for itself.

120. Defendant Koppell denies the allegations contained in paragraph 120 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 120 of the SAC.

121. Defendant Koppell denies the allegations contained in paragraph 121 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 121 of the SAC.

122. Defendant Koppell admits that Revised Policy 2 was issued on October 29, 2024. To the extent the remaining allegations contained in paragraph 118 of the SAC refer to a document, that document speaks for itself.

123. The documents referred to in paragraph 123 of the SAC speak for themselves.

124. Defendant Koppell admits the Revised Policy 2 replaced Revised Policy 1, but denies the remaining allegations contained in paragraph 124 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 124 of the SAC.

125. The Policies referred to in paragraph 125 of the SAC speak for themselves.

126. The Policies referred to in paragraph 126 of the SAC speak for themselves.

127. Defendant Soufleris denies the allegations contained in paragraph 127 of the SAC, except to acknowledge that there was a tabling event on November 5, 2024. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 127 of the SAC.

128. Defendants deny the allegations contained in paragraph 128 of the SAC.

129. Defendants deny "permitting" counter-protestors to protest outside of the Amphitheater and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 126 of the SAC.

130. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the SAC.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the SAC.

132. Defendant Koppell admits the allegations contained in paragraph 132 of the SAC to the extent Defendant Koppell held a Student Townhall meeting on December 9, 2024, but denies the remaining allegations contained in paragraph 132 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 132 of the SAC.

133. Defendant Koppell neither admits nor denies the allegations contained in paragraph 133 of the SAC, because the allegations are unintelligible, except all expressive activity is treated the same by MSU. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 133 of the SAC.

134. Defendant Koppell denies the allegation contained in paragraph 134 of the SAC, including that he was under any obligation to "provide a single example of such an occurrence." The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 134 of the SAC.

135. Defendants deny the allegations contained in paragraph 135 of the SAC.

18

136.   Defendants admit the allegations contained in paragraph 136 of the SAC to the extent an event took place on March 4, 2025 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

137.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 137 of the SAC.

138.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 138 of the SAC.

139.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 139 of the SAC, except to deny that Defendants approved content based free expression regulation.

140.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 140 of the SAC.

141.   Defendants deny the allegations contained in paragraph 141 of the SAC.

142.   Defendant Soufleris denies the allegations contained in paragraph 142 of the SAC. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 142 of the SAC.

143.   Defendants deny the allegations contained in paragraph 143 of the SAC.

144.   Defendants deny the allegations contained in paragraph 144 of the SAC.

145.   Defendants deny the allegations contained in paragraph 145 of the SAC.

IV.    **Response to National Advocacy Organization Condemns MSU's Unconstitutional Restrictions.**

146.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 146 of the SAC, except to admit that "FIRE" did contact non-party Montclair University.

147.    The allegations contained in paragraph 147 of the SAC refer to a document that speaks for itself.

148.    The allegations contained in paragraph 148 of the SAC refer to a document that speaks for itself.

149.    The allegations contained in paragraph 149 of the SAC refer to a document that speaks for itself.

150.    The allegations contained in paragraph 150 of the SAC refer to a document that speaks for itself, except to deny that "Defendants" did anything relating to "FIRE."

151.    The allegations contained in paragraph 151 of the SAC refer to a document that speaks for itself.

152.    The allegations contained in paragraph 152 of the SAC refer to a document that speaks for itself.

153.    The allegations contained in paragraph 153 of the SAC refer to a document that speaks for itself.

154.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 154 of the SAC.

155.    Defendants deny the allegations contained in paragraph 155 of the SAC.

**156.** Defendants deny the allegations contained in paragraph 156 of the SAC.

## RESONSE AS TO ALLEGED INJURIES TO PLAINTIFFS

157.  The allegations contained in paragraph 157 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, Defendants acted lawfully pursuant to their legal authority.

158.  Defendants deny the allegations contained in paragraph 158 of the SAC.

159.  Defendants deny the allegations contained in paragraph 159 of the SAC.

160.  Defendants deny the allegations contained in paragraph 160 of the SAC.

161.  Defendants deny the allegations contained in paragraph 161 of the SAC.

162.  Defendants deny the allegations contained in paragraph 162 of the SAC.

163.  Defendants deny the allegations contained in paragraph 163 of the SAC.

164.  Defendants deny the allegations contained in paragraph 164 of the SAC.

165.  Defendants deny the allegations contained in paragraph 165 of the SAC.

166.  Defendants deny the allegations contained in paragraph 166 of the SAC.

167.  Defendants deny the allegations contained in paragraph 167 of the SAC.

168.  Defendants deny the allegations contained in paragraph 168 of the SAC.

169.  Defendants deny the allegations contained in paragraph 169 of the SAC.

170.  Defendants deny the allegations contained in paragraph 170 of the SAC.

171.  Defendants deny the allegations contained in paragraph 171 of the SAC.

172.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the SAC.

173.  Defendants deny the allegations contained in paragraph 173 of the SAC.

174.   Defendants deny the allegations contained in paragraph 174 of the SAC.

175.   The allegations contained in paragraph 175 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, the allegations in paragraph 175 of the SAC are denied.

## FIRST CLAIM FOR RELIEF

**Response as to Alleged Violations of Plaintiffs' First Amendment Rights Freedom of Speech**

***Pursuant to 42 U.S.C. § 1983 for Defendants' Clams of Violations of Plaintiffs' Rights Under the First and Fourteenth Amendments to the United States Constitution***

176.   Defendants repeat and incorporate by reference each and every response contained in the preceding paragraphs, as if same were fully set forth herein.

177.   The allegations contained in paragraph 177 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, Plaintiff's group pleadings of all Defendants is denied in that each act allegedly in violation of law must identify each Defendant or Defendants so charged and Defendants collectively deny the allegations in paragraph 177 of the SAC are denied.

178.   Defendants deny the allegations contained in paragraph 178 of the SAC.

179.   Defendants deny the allegations contained in paragraph 179 of the SAC.

180.   Defendants deny the allegations contained in paragraph 180 of the SAC.

181.   Defendants deny the allegations contained in paragraph 181 of the SAC, including all of its subparts.

182.   Defendants deny the allegations contained in paragraph 182 of the SAC.

22

183.  The allegations contained in paragraph 183 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, the allegations in paragraph 183 of the SAC are denied.

## SECOND CLAIM FOR RELIEF

**Response to Allegation of Violations of Plaintiffs' First Amendment Rights, Retaliatory**

**Discrimination**

*Pursuant to 42 U.S.C. § 1983 for Defendants' Alleged Violations of Plaintiffs' Rights Under the First and Fourteenth Amendments to the United States Constitution*

184.  Defendants repeat and incorporate by reference each and every response contained in the preceding paragraphs, as if same were fully set forth herein.

185.  The allegations contained in paragraph 185 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, Defendants deny that Plaintiffs at all times conformed to appropriate time, place, and manner restrictions or that their alleged expressive conduct did not violate the law.

186.  Defendants deny the allegations contained in paragraph 186 of the SAC.

187.  Defendants deny the allegations contained in paragraph 187 of the SAC.

188.  Defendants deny the allegations contained in paragraph 188 of the SAC.

189.  Defendants deny the allegations contained in paragraph 189 of the SAC.

190.  The allegations contained in paragraph 190 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, Defendants deny the allegations contained in paragraph 190 of the SAC.

## THIRD CLAIM FOR RELIEF

**Response as to Allegations of Violations of Plaintiffs' First Amendment Rights, Retaliation in Breach of Binding Settlement Agreement**

*Pursuant to 42 U.S.C. § 1983 for Defendants' Alleged Violations of Plaintiffs' Rights Under the First and Fourteenth Amendments to the United States Constitution*

191.   Defendants repeat and incorporate by reference each and every response contained in the preceding paragraphs, as if same were fully set forth herein.

192.   The allegations contained in paragraph 192 refer to a document that speaks for itself to which no response is required.

193.   The allegations contained in paragraph 193 refer to a document that speaks for itself to which no response is required.

194.   The allegations contained in paragraph 194 refer to a document that speaks for itself to which no response is required.

195.   Defendants deny the allegations contained in paragraph 195 of the SAC.

196.   Defendants deny the allegations contained in paragraph 196 of the SAC.

197.   Defendants deny the allegations contained in paragraph 197 of the SAC.

198.   The allegations contained in paragraph 198 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, Defendants deny the allegations contained in paragraph 198 of the SAC.

## FOURTH CLAIM FOR RELIEF

**Response to Alleged Violations of Plaintiffs' First Amendment Rights, Compelled Speech and Alteration of Message in Violation of *Hurley v. Irish Gay, Lesbian & Bisexual Group of Boston*.**

24

*Pursuant to 42 U.S.C. § 1983 for Defendants' Alleged Violations of Plaintiffs' Rights Under the First and Fourteenth Amendments to the United States Constitution*

199.  Defendants repeat and incorporate by reference each and every response contained in the preceding paragraphs, as if same were fully set forth herein.

200.  The allegations in paragraph 200 of the SAC are legal in nature to which no response is required.

201.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 201 of the SAC.

202.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 202 of the SAC.

203.  Defendants deny the allegations contained in paragraph 203 of the SAC.

204.  Defendants deny the allegations contained in paragraph 204 of the SAC.

205.  Defendants deny the allegations contained in paragraph 205 of the SAC.

206.  Defendants deny the allegations contained in paragraph 206 of the SAC.

207.  Defendants deny the allegations contained in paragraph 207 of the SAC.

208.  The allegations contained in paragraph 208 of the SAC are legal in nature and therefore no response is required, except to the extent a response is required, Defendants deny the allegations contained in paragraph 208 of the SAC.

**WHEREFORE**, Defendants pray that this Court dismisses all claims against them, and enter judgment in their favor along with costs, fees, and such other and further relief as the Court deems proper and just.

25

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution and principles of sovereign immunity. As an arm of the State of the New Jersey, Defendants in their official capacities are immune from suit under § 1983 for damages and retrospective relief.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek relief against Defendants in their official capacity, those claims barred by the Eleventh Amendment and therefore this Court lacks subject matter jurisdiction as to those claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to pursue some or all of the claims asserted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege facts establishing that Defendants acted under color of state law within the meaning of § 1983.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege facts establishing a deprivation of rights secured by the Constitution or laws of the United States, including the First or Fourteenth Amendments.

### SEVENTH AFFIRMATIVE DEFENSE

26

Any restrictions imposed by Defendants were reasonable, content-neutral, viewpoint-neutral, and narrowly tailored to serve legitimate governmental and educational interests and provided ample alternative channels of communication.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs assert a procedural due process claim, Plaintiffs were afforded adequate notice and a meaningful opportunity to be heard, consistent with constitutional requirements.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs assert a substantive due process claim, Plaintiffs have not alleged a fundamental right protected under the Due Process Clause, nor conduct by Defendants that "shocks the conscience."

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are moot.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek relief against individual officers, employees, or agents of Montclair State University, those individuals are entitled to qualified immunity because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations for § 1983 actions in New Jersey.

## THIRTEENTH AFFIRMATIVE DEFENSE

27

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate damages, if any.

## RESERVATION OF RIGHTS

Defendants hereby reserve the right to amend this pleading and assert additional Separate Defenses, Counterclaims, Crossclaim(s), and/or otherwise supplement this pleading based upon the discovery of more definite and additional facts relative hereto during the continuing discovery process.

## DEMAND FOR RELIEF

**WHEREFORE**, Defendants respectfully requests that the Court:

1.   Dismiss Plaintiffs' Second Amended Complaint with prejudice;

2.   Enter judgment in favor of Defendants;

3.   Award Defendants their costs and attorneys' fees as permitted by law; and

4.   Grant such other relief as the Court deems just and proper.

> **NORRIS McLAUGHLIN, P.A.**
> *Attorneys for Defendants, Defendants Jonathan G.S. Koppell, Margaree Coleman-Carter, Ashante S. Connor, Julia DelBagno, Dawn Meza Soufleris, and Kenneth E. Sumner.*
>
> By:  *s/Edward G. Sponzilli*
>       Edward G. Sponzilli

Dated: February 2, 2026

28

## DESIGNATION OF TRIAL COUNSEL

Edward G. Sponzilli, Esq. is hereby designated as trial counsel for Defendants in this action.

## CERTIFICATION OF SERVICE

I certify that a copy of the within Answer was served to Plaintiffs via ECF to their counsel of record.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants, Defendants Jonathan*
*G.S. Koppell, Margaree Coleman-Carter, Ashante*
*S. Connor, Julia DelBagno, Dawn Meza Soufleris,*
*and Kenneth E. Sumner.*

By*:  s/Edward G. Sponzilli*
        Edward G. Sponzilli

Dated: February 2, 2026