## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FAWZIA AFZAL-KHAN and ADAM RZEPKA,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN G.S. KOPPELL, President of Montclair State University, in his official and individual capacities; MARGAREE COLEMAN-CARTER, Associate Vice President and Dean of Students of Montclair State University, in her official and individual capacities; ASHANTE S. CONNOR, Associate Vice President of Inclusive Excellence and Special Advisor to the President of Montclair State University and Former Director of Equity and Title IX Coordinator of Montclair State University, in her official and individual capacities; JULIA DELBAGNO, Assistant Dean of Student Engagement of Montclair State University, in her official and individual capacities; DAWN MEZA SOUFLERIS, Vice President for Student Development of Montclair State University, in her official and individual capacities; and KENNETH E. SUMNER, Former Associate Provost for Academic Affairs of Montclair State University, in his official and individual capacities;<br><br>Defendants. | CIVIL ACTION NO.:<br>2:25-cv-13793<br>MEF-MAH<br><br>Hon. Michael E. Farbiarz, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

MICHAEL A. HAMMER, United States Magistrate Judge:

This Proposed Joint Discovery Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3).

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Attorneys for Plaintiffs:

Maryam Fatouh, Esq.
111 Town Square Place, Suite 1238
Jersey City, NJ 07032
P: (856) 296-1877
E: Maryam.Fatouh@gmail.com

Theodore Bohn, Esq.
90 Montgomery Street
Bloomfield, NJ 07003
P: (631) 512-2412
E: Ted1091@gmail.com

Jonathan Wallace, Esq.
PO #728
Amagansett, New York 11930
P: (917) 359-6234
E: Jonathan.Wallace80@gmail.com

Fatima Maryam, Esq.
118-21 Queens Blvd., Suite 606
Forest Hills, NY 11375
P: (516) 631-4266
E: lawoffice@fatimamaryamlaw.com

Attorneys for Defendants:
Edward G. Sponzilli, Esq.
Mina Miawad, Esq.
Norris McLaughlin, P.A.
400 Crossing Blvd., 8th Floor
Bridgewater, NJ 08807
P: (908) 252-4166
E: egsponzilli@norris-law.com
E: mmiawad@norris-law.com

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

**This is a civil action arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments. Plaintiffs challenge actions taken by university administrators in connection with campus expressive activity. Plaintiffs allege that these actions constituted unconstitutional viewpoint discrimination, violation of prior consent order from this Court, differential enforcement of the expressive policy, and retaliation. By way of Answer, Defendants assert general factual denials.**

3. Have settlement discussions taken place? **Yes.**

**Parties have discussed possible settlement and future mediation. A non-monetary demand proposal has been made with potential for counsel fees. Defendants are considering a counter-proposal. Parties agree to further explore settlement options.**

4. The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

2

5.  The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1).

    **Parties have agreed to make initial disclosures within thirty (30) days of the Parties' Scheduling Conference.**

6.  The parties **have not** filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

7.  Proposed joint discovery plan:

    a.  Fact Discovery

        i.   Initial requests for production of documents shall be served no later than **March 12, 2026.**
        ii.  Interrogatories shall be served no later than **March 12, 2026.**
        iii. Depositions shall be completed no later than **August 3, 2026.**
        iv.  All fact discovery shall be completed no later than **August 3, 2026.**
        v.   Any of the deadlines in paragraphs 7 (a) i-iv may be extended by the written consent of all parties without application to the Court.

    b.  Expert Discovery, if any

        i.   Plaintiffs' expert disclosures, if any, pursuant to Federal Rule of Civil Procedure 26 (a)(2) shall be made no later than **September 1, 2026.**
        ii.  Defendants' expert disclosure pursuant to Federal Rule of Civil Procedure 26 (a)(2) shall be made no later than **November 2, 2026.**
        iii. All expert discovery, including expert reports and depositions, shall be completed no later than **December 31, 2026.**
        iv.  The interim deadlines in paragraph 7 (b) i-ii may be extended by the written consent of all parties without application to the Court.

8.  Service of initial written discovery                        .

    a.  Maximum of **twenty-five (25)** Interrogatories by each party to each other party.

    b.  Maximum of **ten (10)** depositions to be taken by each party.

    c.  Motions to amend or to add parties to be filed by **date TBD by Court at Initial Conference**.

    d.  Dispositive motions to be served within **sixty (60)** days of completion of discovery.

9.  A pretrial conference may take place **after the disposition of any dispositive motions, on a date to be set by the Court.**

      a.      Trial date: **To be set by the Court (Jury Trial).**

10. Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **No.**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **Yes.**

    **The parties anticipate the discovery of electronically stored information, including emails, electronic documents, and other records maintained in the ordinary course of business. At this time, the parties do not anticipate the need for specialized e-discovery software or third-party vendors. The parties agree to cooperate in good faith regarding reasonable formats of production consistent with Federal Rule of Civil Procedure 34, and to address any issues concerning scope, proportionality, or form of production through meet-and-confer prior to seeking Court intervention.**

12. If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

    **The parties anticipate that electronically stored information will be produced in reasonably usable form consistent with Federal Rule of Civil Procedure 34. At this time, the parties have not agreed to the use of any third-party e-discovery vendors, or specialized software. Each party will bear its own costs associated with discovery, subject to further discussion and the Court's orders, and the parties will confer in good faith regarding any issues related to scope, format, or cost before seeking Court intervention.**

13. Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b).

    **Yes. The parties anticipate the entry of a Discovery Confidentiality Order pursuant to L. Civ. R. 5.3(b) to govern the exchange of confidential or otherwise sensitive information produced in discovery.**

14. Do you anticipate any discovery problem(s) not listed above? **No.**

15. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.)

**The parties do not believe this case is appropriate for voluntary arbitration. The parties believe that mediation pursuant to Local Civil Rule 301.1 may be appropriate after the exchange of initial discovery and possibly depositions and agree to revisit mediation at a later stage of the litigation.**

16. Is this case appropriate for bifurcation?  **No**

17. An interim status/settlement conference (with clients in attendance) should be held **after the completion of initial discovery, on a date to be set by the Court.**

18. We **do not** consent to the trial being conducted by a Magistrate Judge.

19. Identify any other issues to address at the Rule 16 Scheduling Conference.

   **No additional issues are anticipated at this time.**

Respectfully submitted this 6th day of February, 2026.

Attorneys for Plaintiffs:
Maryam Fatouh, Esq.
Theodore Bohn, Esq.
Jonathan Wallace, Esq.
Fatima Maryam, Esq.

Attorneys for Defendants:
Edward G. Sponzilli, Esq.
Mina Miawad, Esq.

Dated:
         February _____, 2026.

                              SO ORDERED.

                              _____
                              MICHAEL A. HAMMER, U.S.M.J.

5

6